IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNIE M. HOLLEY | ) | |
| | ) | |
| v. | ) | NO. 3:13-0114 |
| | ) | |
| CORRECTIONS CORPORATION | ) | |
| OF AMERICA | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# **R E P O R T   A N D   R E C O M E N D A T I O N**

By Order entered February 13, 2013 (Docket Entry No. 3), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment (Docket Entry No. 20) filed by Defendant Corrections Corporation of America, to which the Plaintiff has not filed a response.[1] Set out below is the Court's recommendation for disposition of the motion.

---

[1] By Order entered May 23, 2013 (Docket Entry No. 27), the Court notified the Plaintiff of the motion and gave him until June 28, 2013, to file a response. The Court also notified the parties that, although the motion was filed as a motion to dismiss and for summary judgment, the motion was supported by matters outside the pleadings which the Court would not exclude and, in accordance with Rule 12(d) of the Federal Rules of Civil Procedure, the Court would treat the Defendant's motion as a motion for summary judgment.

## I. BACKGROUND

The Plaintiff is an inmate confined at the Metro-Davidson County Detention Facility ("Detention Facility"). Corrections Corporation of America, Inc. ("CCA") is a private entity that has contracted with the Metropolitan Government of Nashville and Davidson County to operate the Detention Facility. On February 11, 2013, the Plaintiff filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 against CCA.

The Plaintiff alleges that CCA has implemented a new policy at the Detention Facility that permits inmates to enter their cells only once per hour. He asserts that this policy prevents inmates from having unrestricted access to the toilets in their cells and has caused inmates to urinate "wherever they can," including in the showers, in trash cans, and in bottles, and that this has resulted in unsanitary and dangerous living conditions at the Detention Facility. The Plaintiff alleges that he has had to urinate in bottles, and that his attempts to grieve the matter at the Detention Facility were met with indifference. See Complaint (Docket Entry No. 1). The Plaintiff does not specify in his Complaint the type of relief he requests. Id. at 5. Attached to the Complaint are copies of the Plaintiff's Informal Resolution and Grievance about the matter. Id. at 7-11. CCA has filed an answer (Docket Entry No. 18), and a scheduling order (Docket Entry No. 19) was entered setting out deadlines for pretrial activity in the action.

Defendant CCA contends that the Plaintiff's claim should be dismissed for a number of reasons. In support of its motion, CCA submits the affidavit of Frederick Perry, the Chief of Unit Management at the Detention Facility (Docket Entry No. 23), the affidavit of Audrey Rimmer, the Secretary and Informal Resolution Coordinator for the Chief of Unit Management (Docket Entry

No. 24), and copies of prison documents and policies which are attached to the affidavits. See Docket Entry Nos. 23-1 and 24-1 through 24-5.

CCA argues that the Plaintiff did not pursue an administrative appeal from the denial of his prison grievance and thus did not exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).[2] With respect to the merits of the Plaintiff's claim, CCA admits that the only toilets available to inmates in the Plaintiff's housing unit, "Unit Juliet," are located in the cells and that the cell doors are not left continuously open during the approximately 16 hours that inmates are allowed out of their cells. Pursuant to a policy called the "Red Zone Policy," the cell doors are opened once every hour to allow inmates a short period of time to either enter or exit their cells. CCA asserts the Red Zone Policy was implemented for security purposes related to the monitoring of inmates as they enter and exit their cells. Prior to November 19, 2012, the cell doors were opened every 30 minutes, but CCA asserts that the length of time was changed to 60 minutes for administrative and security reasons. CCA contends that "concessions" to the Red Zone Policy are made when necessary to comply with medical orders. See Docket Entry No. 23-1. CCA argues that the Plaintiff's allegations do not support a constitutional claim because there is no evidence that any of his constitutional rights were violated by the Red Zone Policy and no evidence that the policy was implemented by CCA with deliberate indifference toward the needs of its inmates. CCA also contends that the Plaintiff has not shown that he suffered any

---

[2] 42 U.S.C. § 1997e(a) states that:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

actual physical injury and that he cannot hold CCA liable based upon a theory of respondeat superior.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving

4

party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

### III. ANALYSIS

The Court is not persuaded by the Defendant's argument that the Plaintiff has not sufficiently complied with the exhaustion requirement of the PLRA. The Defendant is correct that the PLRA requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983, Porter v. Nussle, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001), and that a plaintiff is normally required to show that he presented his grievance "through one complete round" of the

established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003), abrogated on other grounds, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). The Court also acknowledges that there is no futility exception to the PLRA's exhaustion requirement that relieves a plaintiff of complying with the exhaustion requirement merely because the plaintiff believes that he will not ultimately succeed on his grievance. Booth, 532 U.S. at 741 n.6; Napier v. Laurel Cnty., Ky., 636 F.3d 218, 222 (6th Cir. 2011); Boyd v. Corrections Corp. of Am., 380 F.3d 989, 998 (6th Cir. 2004).

However, in the instant case, the undisputed evidence does not show that the Plaintiff abandoned the grievance process on his own accord. The response by prison officials to both his informal resolution and his formal grievance about the Red Zone Policy was that the matter was not grievable because it involved a policy and procedure. See Docket Entry No. 1, at 7-11. These responses are consistent with CCA Policy 14-5, Inmate Resident Grievance Procedures, which states that matters involving policies or procedures are not grievable by inmates through the grievance process. See Docket Entry No. 24-1, at 3. The Court finds that the Plaintiff did all that is required by the PLRA when he brought the matter to the attention of prison officials through a formal grievance and was informed by prison officials that the matter was not grievable. There is a substantive difference between a prisoner who does not appeal from a grievance response with which he is dissatisfied and a prisoner who does not appeal because prison officials inform him that he cannot grieve the matter at issue. In the former situation, it is the prisoner who has kept the grievance process from running its full course. In the latter situation, it is the prison officials who have halted the grievance process. In such a situation, the grievance process has become unavailable to the prisoner. See Owens v. Keeling, 461 F.3d 763, 769-70 (6th Cir. 2006) (prisoner was not

6

required to file grievance about a matter that was deemed non-grievable by prison policy). At the very least, a defendant who has told a prisoner plaintiff that he cannot grieve a certain matter should be estopped from subsequently complaining that the prisoner plaintiff did not continue to pursue a grievance appeal about the matter.

Nonetheless, the instant action warrants dismissal on its merits. Although the Plaintiff's allegations were sufficient to state a claim for relief permitting the case to survive frivolity review under 28 U.S.C. § 1915(d), at this stage of the proceedings and when challenged upon a motion for summary judgment, there is insufficient evidence before the Court upon which a reasonable jury could find in favor of the Plaintiff on this claim. What the Plaintiff has complained about is simply one of the harsh realities of confinement.

Under the Eighth Amendment, prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); Parrish v. Johnson, 800 F.2d 600, 609 (6th Cir. 1986). The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), set forth a two-pronged framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. First, the Plaintiff must plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Id. Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Second, the Plaintiff must establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. Id. A prison official violates the Eighth Amendment only when both the objective and subjective

requirements are met.  Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The Plaintiff fails to provide evidence supporting either prong of his claim.  In order to satisfy the objective prong, "extreme deprivations are required," Hudson, 503 U.S. at 9, and only grave deprivations of the civilized measure of life's necessities violate the Cruel and Unusual Punishment Clause.  Rhodes, supra; Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004).  Prison conditions which are merely harsh simply do not violate the Eighth Amendment.  Rhodes, 452 U.S. at 347. While the Plaintiff may have endured periods of time when he did not have immediate access to a toilet, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment," Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987), and conditions of confinement that are temporary in nature rarely rise to the level implicating constitutional concern.  See Dellis v. Corrections Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001).  Additionally, although the Plaintiff complains about unsanitary or hygiene issues caused by the Red Zone Policy, he has not set forth any evidence showing that he suffered an actual and substantial risk of serious damage to his health because of these purported conditions. See Farmer, 511 U.S. at 834; Helling v. McKinney, 509 U.S. 25, 36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).  With respect to the subjective component of his claim, there is no evidence before the Court showing deliberate indifference on the part of CCA in its decision to implement the policy.

The undisputed evidence before the Court shows that legitimate penological concerns about security led to the current Red Zone Policy.  The internal administration of a correctional facility is a function legitimately left to the discretion of prison administrators.  See Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Ward v. Dyke, 58 F.3d 271, 273 (6th Cir. 1995).

Additionally, the policy is subject to "concessions" to accommodate any applicable medical needs of an inmate. Given that the policy itself allows inmates to stay in their cells and have access to a toilet if they believe that to be necessary and allows inmates access to their cells every hour, there is no evidence that the policy was implemented with a blind eye toward the needs of inmates for access to a toilet or is an unreasonable response to the legitimate need to ensure prison security.

In the face of the affirmative evidence from Defendant CCA, the Plaintiff cannot merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The Plaintiff has failed to satisfy this burden. Given the undisputed evidence which is before the Court, no reasonable jury could find that the Plaintiff was subjected to conditions of confinement that were unconstitutional.

Because the Court finds insufficient evidence exists to support a constitutional claim, it is unnecessary to address the Defendant's alternative argument that the Plaintiff improperly sued the Defendant under a theory of respondeat superior. The Defendant's argument that the Plaintiff fails to assert a physical injury sufficient to satisfy the requirement of 42 U.S.C. § 1997e(e) is inapposite because the physical injury requirement only applies to claims for emotional or mental damages and the Plaintiff does not seek such damages in this action.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that motion for summary judgment (Docket Entry No. 20) filed by Defendant Corrections Corporation of America be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge